IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESS T. LAMMERS,<br><br>             Plaintiff,<br><br>   vs.<br><br>STATE OF NEBRASKA, NEBRASKA SUPREME COURT ADMIN OFFICE OF COURTS AND PROBATION, NE DEPT. OF AGRICULTURE, PAROLE BOARD, NE DEPT. OF ED, NE DEPARTMENT OF MOTOR VEHICLES, and NEBRASKA ECONOMIC DEVELOPMENT,<br><br>             Defendants. | 7:21CV5012<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. ANALYSIS

Plaintiff claims the defendant state agencies violated the Americans with Disabilities Act and the Nebraska Fair Employment Practice Act. Plaintiff alleges he has filed 461 job applications since April 2015, but sets forth no other facts. Plaintiff's Complaint is therefore subject to preservice dismissal for failure to state a claim upon which relief may be granted. On the court's own motion, however, Plaintiff will be given 30 days to file an amended complaint.

Plaintiff indicates he wants to obtain EEOC files before filing an amended complaint, and he has submitted a subpoena for issuance by the clerk. The subpoena (Filing 3), treated as a motion, will be denied. No discovery in pro se civil cases assigned to a district judge may take place until a progression order is entered unless the court orders otherwise. General Order No. 2020-1, ¶ 18 (Filing 6). Plaintiff has not shown a need for expedited discovery.

Plaintiff has also filed summons forms (Filing 4) which, treated as a motion, will be denied. No service of process will occur unless and until Plaintiff's pleading passes the court's initial review under 28 U.S.C. § 1915(e).

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims.

> Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 2, 2022—amended complaint due**.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

6. Plaintiff's motion for issuance of subpoena (Filing 3) is denied.

7. Plaintiff's motion for issuance of summons (Filing 4) is denied.

Dated this 5th day of January 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

3