IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESS T. LAMMERS, | 7:21CV5012 |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| STATE OF NEBRASKA, et al. | |
| Defendants. | |

    Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. In a Memorandum and Order entered on January 5, 2022 (Filing 9), the court found Plaintiff's Complaint (Filing 1) was subject to preservice dismissal under 28 U.S.C. § 1915(e)(2) for failure to state claim upon which relief may be granted., but it gave Plaintiff 30 days to amend. Plaintiff's Amended Complaint (Filing 11) was timely filed on January 20, 2022, and will now be reviewed by the court.

### I. APPLICABLE STANDARDS ON INITIAL REVIEW

    The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As part of its initial review, this court also has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

    Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. ANALYSIS

Plaintiff sues the State of Nebraska and numerous state agencies for their failure to hire him in response to 428 job applications he has filed since April 2015, at least 160 of which "fall within the 300-day statutory guidelines of discrimination." (Filing 11, ¶¶ 7-9.) Liberally construing the allegations of the Amended Complaint, Plaintiff is claiming he was not hired because he is disabled. (See Filing 1, ¶ 14.) Plaintiff states he brings suit under Title II of the Americans with Disabilities Act (ADA), the Nebraska Fair Employment Practice Act (NFEPA), and the Civil Rights Act of 1964, 42 U.S.C. § 1983. (Filing 11, ¶ 1.) The court concludes this action must be dismissed failure to state a claim upon which relief may be granted, and for lack of subject-matter jurisdiction.

### A. ADA Claim

"When Congress enacted the ADA in 1990, it sought to abrogate state sovereign immunity to lawsuits alleging that a state violated its provisions." *Lors v. Dean*, 746 F.3d 857, 862 (8th Cir. 2014) (citing 42 U.S.C. § 12202). However, "the Supreme Court overturned Congress's attempted abrogation of sovereign immunity to claims for violations of Title I of the ADA in *Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001)." *Id.* "[T]he Court held that the Eleventh Amendment bars Title I ADA claims for money damages brought by state employees in federal court." *Id.*; *see Faibisch v. Univ. of Minn.,* 304 F.3d 797, 800 (8th Cir. 2002) ("In ... *Garrett* ..., the Supreme Court ruled that a state is immune from suit under Title I of the ADA unless it waives its sovereign immunity."). Title I of the ADA prohibits "discrimination against a

2

qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. §§ 12112(a).

Although Plaintiff's failure-to-hire claim falls squarely withing parameters of Title I, he instead seeks relief under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "Neither the Supreme Court nor the Eighth Circuit have directly addressed whether Title II gives rise to a cause of action for employment discrimination, but the majority of circuits to consider the issue have concluded it does not." *Dutcher v. Dep't of Corr.*, No. 4:18CV3144, 2019 WL 4143895, at \*2-3 (D. Neb. Aug. 15, 2019) (collecting cases and recommending dismissal in accordance with "the majority view that Title II unambiguously does not cover employment and does not provide [a state employee] with a cause of action for employment discrimination"), *report and recommendation adopted*, No. 4:18-CV-3144, 2019 WL 4140841 (D. Neb. Aug. 30, 2019) (Gerrard, .J.). "The Circuits that have looked at Title II's text, including its definition of 'qualified individual with a disability,' as well as the broader context of the statute as a whole, have *all* concluded that Title II does not cover employment discrimination claims." *Trambly v. Bd. of Regents of Univ. of Nebraska*, No. 4:20-CV-3094, 2021 WL 1615506, at \*7 (D. Neb. Apr. 26, 2021) (emphasis in original) (Gerrard, J.) (finding "the majority view not only more persuasive, but supported by the law of this Circuit" on statutory interpretation). The undersigned agrees with Judge Gerrard's assessment, and finds that Plaintiff has not stated a plausible claim for relief under Title II of the ADA. "Title I of the ADA is the exclusive remedy for claims of disability discrimination in employment." *Nahkahyen-Clearsand v. Dep't of Health & Hum. Servs*., No. 8:17CV43, 2017 WL 1283494, at \*3 (D. Neb. Apr. 5, 2017) (Kopf, J.) (citing *Neisler v. Tucker*, 807 F.3d 225, 227 (7th Cir. 2015)).

"Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress." *Shelly v. Jukovic*, No. 8:21CV47, 2021 WL 1789217, at \*2 (D. Neb. May 5, 2021). As discussed

3

above, the attempt by Congress to abrogate the states' sovereign immunity in Title I of the ADA was nullified by the Supreme Court in *Garrett*. Plaintiff does not allege that the State of Nebraska has waived its sovereign immunity for his claim seeking monetary relief under Title I of the ADA. "While under the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), state officials may be sued in their official capacities for prospective injunctive [or declaratory] relief without violating the Eleventh Amendment, the same doctrine does not extend to states or state agencies." *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007); *see Leighton v. Nebraska*, No. 4:14CV3202, 2015 WL 1013950, at *2 (D. Neb. Mar. 9, 2015) (holding state employee's claim under Title I of the ADA against the State of Nebraska and a state agency was barred by Eleventh Amendment immunity).

In summary, Plaintiff does not have a plausible claim for relief under Title II of the ADA, and Eleventh Amendment immunity bars any claim for employment discrimination under Title I. As will be discussed below, the Eleventh Amendment also bars Plaintiff's alternative claims for relief under the Civil Rights Act and the Nebraska Fair Employment Practice Act.

### B. Section 1983 Claim

"Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983, and it is well-settled that the State of Nebraska has not generally waived its immunity from liability in civil rights actions." *Hasty v. Nebraska Dep't of Educ.,* No. 4:09CV3196, 2010 WL 1552855, at *4 (D. Neb. Apr. 15, 2010). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) (citing *Will v. Mich. Dept. Of State Police,* 491 U.S. 58 (1989)).

### C. NFEPA Claim

"The state and governmental agencies created by the state may be sued upon claims arising under the Nebraska Fair Employment Practice Act in the same manner as provided by such law for suits against other employers." Neb. Rev. Stat. § 48-1126. "A complainant who has suffered physical, emotional, or financial harm as a result of a violation of [the NFEPA] may … file an action directly in the district court of the county where such alleged violation occurred." Neb. Rev. Stat. § 48-

4

1119(4). But this remedial scheme is not sufficiently explicit to effect a waiver of the state's sovereign immunity to suit in federal court. *Knapp v. Ruser*, 145 F. Supp. 3d 846, 855 (D. Neb. 2015) (no subject-matter jurisdiction over NFEPA claim brought by state university instructor); *Hasty*, 2010 WL 1552855, at *4-5 (NFEPA claim against Nebraska Department of Education dismissed for lack of jurisdiction); *Schreiber v. Nebraska,* 8:05CVcv–537, 2006 WL 488719 (D. Neb. Feb. 28, 2006) (employee of Nebraska State Patrol could not bring NFEPA claim in federal court); *Wright v. Nebraska Health and Human Services System,* 8:04–cv–265, 2005 WL 1331158 (D. Neb. Feb. 14, 2005) (Eleventh Amendment immunity barred NFEPA claim of HHS employee). Even if Eleventh Amendment immunity did not apply, the court would decline to exercise supplemental jurisdiction over Plaintiff's NFEPA claim after dismissing his federal statutory claims. *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

Title II of the ADA does not provide Plaintiff with a cause of action for employment discrimination, and Eleventh Amendment would bar any claim brought under Title I of the ADA. Plaintiff's claims under 42 U.S.C. § 1983 and the NFEPA are also barred by Eleventh Amendment immunity.

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice.

2. Plaintiff's motion for miscellaneous relief (Filing 10) is denied without prejudice, as moot.

3. Judgment shall be entered by separate document.

Dated this 26th day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5