IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESS T. LAMMERS,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, et al.<br><br>Defendants. | 7:21CV5012<br><br>**MEMORANDUM<br>AND ORDER** |

      On January 26, 2022, the court dismissed this action without prejudice after determining on initial review[1] of Plaintiff's Amended Complaint that no claim for employment discrimination can be maintained under Title II of the Americans with Disabilities Act (ADA), and that Eleventh Amendment immunity bars Plaintiff's claims brought under 42 U.S.C. § 1983 and the Nebraska Fair Employment Practice Act. The court also stated: "Although Plaintiff's failure-to-hire claim falls squarely withing parameters of Title I, he instead seeks relief under Title II of the ADA, …. Plaintiff does not allege that the State of Nebraska has waived its sovereign immunity for his claim seeking monetary relief under Title I of the ADA." (Filing 12 at 3-4.)

      On February 7, 2022, Plaintiff filed a "motion for scrivener error, or *vitium clerici*," requesting the court "to grant leave for plaintiff to correct the complaint or proceed under the pretense that the complaint cited Title I of the ADA, correctly, and makes the allegations that participation in a risk management pool, the forming of a risk management board, and the purchase of any form of insurance would wave [sic] the state[']s right to sovereign immunity." (Filing 14)

---

[1] Plaintiff, who appears po se, was granted leave to proceed in forma pauperis. The court therefore was required to conduct initial reviews of Plaintiff's pleadings under 28 U.S.C. § 1915(e)(2) to determine whether the case could proceed to service of process or should be dismissed.

A scrivener's error is "a 'clerical error,' which is 'a[n] error resulting from a minor mistake or inadvertence, especially in writing or copying something.' Examples of scrivener's errors include omitting an appendix, typing an incorrect number, and mis-transcribing a word." *MSP Recovery Claims, Series LLC v. AIG Property Casualty Co.*, 2021 WL 3371621, at *8 (S.D.N.Y. Aug. 2, 2021) (citing Black's Law Dictionary (8th ed. 2004)). Courts do not consider substantive changes or failure to properly plead a claim under the relevant statutes a "scrivener's error." *In re Ditech Holding Corp.*, No. 19-10412, 2021 WL 4530339, at *6 (Bankr. S.D.N.Y. Oct. 4, 2021) (citing cases).

Here, Plaintiff's Amended Complaint twice referenced Title II of the ADA and even cited the applicable statutory provisions, 42 U.S.C. § 12131 *et seq*. (See Filing 11 at 2.) This was no "scrivener's error."

Plaintiffs "remain free where dismissal orders do not grant leave to amend to seek vacation of the judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure and offer an amended complaint in place of the dismissed complaint." *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986). "When a complaint is dismissed for failure to state a claim, the district court has 'considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored, but may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits.'" *Ryan v. Ryan*, 889 F.3d 499, 508 (8th Cir. 2018) (quoting *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (2009)). "Leave to amend will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742-43 (8th Cir. 2014).

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.* Plaintiff in this case is tendering a new legal theory, *i.e.*, that the State of Nebraska has waived its sovereign immunity to employment discrimination claims under Title I of the ADA.

2

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

As discussed above, the ADA claim in Plaintiff's Amended Complaint was clearly identified as a Title II claim, not a Title I claim. In addition to specifically referencing Title II's statutory provisions, Plaintiff alleged that the defendant state agencies "are divisions of a public entity." This deliberate pleading choice was not a mistake which can be remedied under Rule 60(b)(1). *See U.S. Commodity Futures Trading Comm'n v. Arrington*, 998 F. Supp. 2d 847, 883 & n. 2 (D. Neb. 2014) (collecting cases), *aff'd sub nom. U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873 (8th Cir. 2015). "[I]n the Eighth Circuit, a mistake of law does not constitute excusable neglect under Rule 60(b)(1)." *In re Burival*, 449 B.R. 371, 377-78 (B.A.P. 8th Cir. 2011).

Plaintiff does not claim to have any newly discovered evidence within the meaning of Rule 60(b)(2), nor has he shown the existence of any "extraordinary circumstances" for obtaining relief under Rule 60(b)(6). Subsections (3), (4), and (5) are also inapplicable.

3

Finally, the Eighth Circuit has held that "[a] district court does not abuse its discretion in denying leave to amend when a plaintiff has not submitted a proposed amended pleading in accord with a local procedural rule." *Raynor*, 690 F.3d at 958 (8th Cir. 2012). This court's local rules provide that a party who move to amend "must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). Here, Plaintiff merely hypothesizes that the State might have waived its immunity in one way or another, and has not submitted a proposed pleading for the court's review. Thus, even if there were grounds for setting aside the court's judgment, Plaintiff's request for leave to amend would not be granted. However, because the court's judgment was a dismissal without prejudice, Plaintiff is free to refile the action with a new complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (Filing 14) is denied.

Dated this 14th day of February 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge